[L. A. No. 835.  Department One. — July 25, 1901.]

F. A. CARTER, Respondent, v. I. A. LOTHIAN, Appellant.

PRACTICE— AMENDMENT TO COMPLAINT— TRIAL — EVIDENCE. — It is not an abuse of discretion for the court, at the close of the testimony, to allow the plaintiff to amend his complaint so as to conform to the evidence introduced; and the defendant cannot object to the action of the court, if he fails to ask for time to plead to the amended complaint, or for a continuance to allow him to introduce further evidence.

INJUNCTION — JUDGMENT— EVIDENCE. — The evidence reviewed, and held sufficient to support findings in favor of the plaintiff, entitling him to an injunction against the enforcement of a judgment.

SUPERIOR COURT — DIVISION INTO DEPARTMENTS — JURISDICTION OF JUDGES. — Under the present constitution there is but one superior court in each county, no matter what the number of judges thereof may be. The division of such court into departments is for convenience only, and the judge of one department has jurisdiction to sit in another. And where an action has been heard and determined by one judge, any other judge of the same court has jurisdiction to hear and determine a motion for new trial therein.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Lucien Shaw, Judge rendering judgment. John L. Campbell, Judge rendering order.

The facts are stated in the opinion of the court.

Walter Bordwell, and W. B. Mathews, for Appellant.

Barclay & Camp, for Respondent.

VAN DYKE, J.— The action is in equity, to perpetually enjoin the enforcement of a judgment for $446.50 rendered by the superior court of Los Angeles County in a case entitled "I. A. Lothian v. Richardson-Kimball Co. et al.," in favor of plaintiff therein, appellant here, and against respondent here, one of the defendants in said action.

The appeal is taken from the judgment in favor of plaintiff and from an order denying defendant's motion for a new trial.

On the trial, after the testimony had closed, at the suggestion of the court the plaintiff asked and obtained leave to file an

amended complaint so as to have it correspond with the evidence introduced.

Appellant contends that, under the circumstances, the testimony having closed, it was an abuse of discretion on the part of the court to allow the plaintiff to amend the complaint. This court has frequently reversed for refusing to allow amendments to pleadings, but not for granting amendments. In *Marr* v. *Rhodes*, 131 Cal. 267, it developed on the trial in the court below that the defendant had a set-off. The court held, under the pleadings as they stood, that such set-off could not be allowed, whereupon the defendant moved for leave to amend his answer, by pleading the set-off in his favor against the plaintiff so that it would correspond with the evidence introduced, which motion the court denied. In passing on the appeal it is said in the opinion: "We think the court should have allowed the defendant to amend his answer to enable him to prove facts which would have constituted an offset or defense to plaintiff's demand, as proposed; and if by reason of such amendment the plaintiff would have been taken by surprise, and required further time to prepare to meet the defense, the case could have been continued, or such terms imposed as might seem just under the circumstances." In *Guidery* v. *Green*, 95 Cal. 630, it is said: "It can very rarely happen that a court will be justified in refusing a party leave to amend his pleading so that he may properly present his case, and obviate any objection that the facts which constitute his cause of action or his defense are not embraced within the issues or properly presented by his pleading." Many other cases to the same effect might be cited, but it is altogether unnecessary to do so. It is the policy of the law for courts to be liberal in allowing amendments to pleadings and proceedings, where the same can be done without prejudice to the rights of other parties. If the defendant had asked for time to plead to the amended complaint, or for a continuance of the cause, to allow him to introduce further testimony in reference to the new issue raised by the amended pleading, no doubt the request would have been granted, but he failed to do either. (See *Jackson* v. *Jackson*, 94 Cal. 446; *Firebaugh* v. *Burbank*, 121 Cal. 186.)

Appellant claims that the evidence is insufficient to support the findings. The plaintiff was made defendant in the case entitled "I. A. Lothian *v.* Richardson-Kimball Co. et al.," on the supposition that he was a subscriber to stock in said com-

pany, and indebted for such subscription in whole or in part. The evidence shows, however, that prior to the commencement of said action the defendant in said action, the plaintiff here, was not indebted to said company, but, on the contrary, said company was indebted to him in a sum aggregating more than eight hundred dollars, for which he then had judgment against said company, and that the fact of such indebtedness from said company to the plaintiff was known to the defendant. Plaintiff testified that he met defendant's attorney some time after that suit was commenced in Los Angeles, and said: "I asked him what he meant by suing me, and he said, 'Well, I thought you were a stockholder, or possibly had subscribed for a lot of that Richardson-Kimball Company's stock, and, like Richardson and Kimball, you had never paid for it, and that'—he told me I would have been liable if I had, but said he had since discovered that I had not subscribed for any, and he promised me never to hurt me; that I would not be hurt in that suit; that I need not give it any attention at all. As a result of what he said to me with reference to my defending the suit brought by Lothian, I gave the thing no further attention, and just supposed the matter ended there. I was back East, and gave the thing no further attention. Q. Did you believe that he would do as he said, and not take any steps against you?—A. Why, yes. He told me that he had discovered that I had subscribed for no stock at all, and that he had brought this suit in a kind of sweeping way against all the men that he had heard had subscribed for any of the stock, with the hope of finding some that had not paid theirs, and that they were liable if they had subscribed and had not paid for the stock, and he found out that Richardson and Kimball had done that, and he did n't know but what I had when he brought the suit and served me, but he had afterwards found out I did n't subscribe for any, and that I need not give the thing no consideration or further thought at all; that he would promise me I would n't get hurt. That was, the thing ended right there." The judgment roll in Carter v. Richardson-Kimball Co. was introduced, showing a deficiency judgment in favor of the plaintiff, and a garnishment against the Los Angeles National Bank thereunder for all moneys, credits, etc., belonging to Richardson-Kimball Company, and also the judgment roll in the case of Carter v. Los Angeles National Bank to enforce said garnishment, which latter case shows that the defendant,

Lothian, was a party to that action. Said bank filed a cross-complaint in said action, asking that all parties making claims against said fund belonging to Richardson-Kimball Company in its hands be required to interplead, which they did, and said defendant, Lothian, in his answer to said cross-complaint, made no claim against said Carter, nor did he ask a preference, as against him, to the fund in litigation. Defendant's attorney, in his testimony, stated that he discovered that Carter was a stockholder in the Richardson-Kimball Company just about the time he commenced the suit. "I got my information from George Granger, and understood from him that Mr. Carter was owing something on his stock in the Richardson-Kimball Company. I did not understand how much.

"Q. What evidence did you have or produce that he was owing the Richardson-Kimball Company?

"A. Well, I never had any further evidence than that.

"Q. You never produced any evidence in the court, did you, that he was owing?

"A. Not to my recollection.

"Q. (by the court). You did know that he had begun an action against the company for fourteen or fifteen hundred dollars?

"A. Oh, yes.

"Q. (by plaintiff's attorney). In the conversation you have referred to with me, did you ever state to me that you had taken any default or judgment against Carter?

"A. No. I never mentioned it in the world to you."

Without going into the testimony further in detail, it is sufficient to say that there is enough to support the findings, both as to the merits and upon the plea of the statute of limitations.

The motion for new trial coming on to be heard in department 5 of the Los Angeles superior court, Judge Shaw, presiding, before whom the cause had been tried, transferred the hearing of said motion for a new trial to department 2 of the same court.

Appellant contends that this transfer of the cause from one department to another, against his objection, is error. There is nothing in this contention. Under the present constitution, whatever the population or amount of business, there is but one court of general jurisdiction in each county, to wit, the superior court. This court may be, and is, provided with such

number of judges as is required to transact the judicial business before said court. The so-called departments are unknown to the constitution, but have been adopted for convenience, by the judges, in apportioning the business before said court, which they are authorized to do by the constitution. There may be held "as many sessions of said court at the same time as there are judges thereof," and "the judgments, orders, and proceedings of any session of the superior court held by any one or more of the judges of said courts, respectively, shall be equally effectual as if all the judges of said respective courts presided at such session." (Const., art. VI, secs. 6, 7.) By this scheme, where there is more than one judge provided for the court, such judges may interchange among themselves in holding court, and in case one be sick, absent, or engaged in the trial of other causes, another judge of such court can step in and fill his place, and thus prevent the interruption of judicial business. Any judge, therefore, of the superior court of Los Angeles County had jurisdiction to hear and determine the motion for new trial in this case. The motion for a new trial under our system of procedure is an independent collateral proceeding. An affirmance of the judgment on direct appeal therefrom does not prevent the court below from setting aside the verdict, or finding and judgment based thereon, and granting a new trial. (*Spanagel* v. *Dellinger*, 38 Cal. 284; 1 Hayne on New Trial and Appeal, 27; *McDonald* v. *McConkey*, 57 Cal. 325; *Naglee* v. *Spencer*, 60 Cal. 10; *Knowles* v. *Thompson*, *ante*, p. 245.) There is no showing in this case why the judge of department 2 could not hear the motion for a new trial as well as the judge of department 5 of that county, and the cause may have been transferred for the reason that the judge of department 5 at the time was engaged in the trial of other causes. Nothing appearing to the contrary, the presumption will be in favor of the regularity of the proceeding.

The other points presented by appellant are not of sufficient importance to receive special consideration.

Judgment and order affirmed.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.