[Civ. No. 2947. Second Appellate District, Division One.—April 5, 1919.]

JOHN LAPIQUE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] APPEAL — SETTLEMENT OF ADDITIONAL TRANSCRIPT — AUTHORITY OF TRIAL COURT.—When a reporter's transcript to be used on appeal from a judgment has been regularly allowed and settled by the trial judge, the court's duty as well as its authority to settle a transcript has been exhausted, and thereafter the appellant is not entitled in the ordinary course of procedure to demand the settlement of an additional statement based upon the reporter's certificate to the correctness of a document containing matter additional to that contained in the settled transcript.

PROCEEDING in mandate to compel a trial judge to certify to the correctness of a reporter's transcript. Dismissed.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.*, for Petitioner.

H. L. Dunnigan, Haas & Dunnigan and J. J. Wilson for Respondents.

CONREY, P. J.—Application by John Lapique for a writ of mandate to compel the respondent judge to certify to the correctness of a reporter's transcript made pursuant to the demand of said Lapique, against whom judgment had been entered in an action wherein he was defendant, from which judgment he has an appeal pending in the supreme court. After alternative writ issued and an answer filed by the respondents, this matter has been submitted upon evidence taken by this court.

The judgment was entered on the eighteenth day of December, 1917. Within ten days thereafter, Lapique served and filed his notice of intention to move for a new trial, and filed his notice to the clerk requesting a reporter's transcript.

[1] The petition herein alleges that the court reporter made a transcript and certified to the truth and correctness thereof; that thereafter, on July 2, 1918, petitioner believed said transcript to be full, true, and correct, and that on that

day respondent judge, who tried the case, made an order set-
tling and allowing said transcript as a part of the record, but
that said order was made without notice having been given as
required by section 953a of the Code of Civil Procedure; that
on or about August 1, 1918, petitioner found that said re-
porter's transcript was defective, and on August 15, 1918,
he demanded of the reporter a further transcript, in re-
sponse to which the reporter did, on the twenty-ninth day of
August, 1918, certify a further reporter's transcript; that
on August 30, 1918, a notice was served on plaintiffs' attor-
neys and filed, stating that said reporter's transcript would
be presented for allowance and settlement before the court
on the fourth day of September, 1918; that on the fourth day
of September the matter was continued until the 5th of Sep-
tember, 1918, and on the 5th of September was continued
until the sixth day of that month; that at the hearings
thereof Haas & Dunnigan, attorneys for the plaintiffs, did
not appear; that on the sixth day of September, 1918, the
trial judge refused to certify to the truth and correctness of
said reporter's transcript on the grounds, "first, that the
order appealed from is not an appealable order, and, second,
that the transcript is not complete in that it does not set forth
the title of the court and cause"; that said reporter's tran-
script is a full, fair, and correct transcript of the various
proceedings described in the demand for transcript.

The evidence received herein shows that, as stated in the
petition, an order of settlement was made by the judge on
July 2, 1918, and that the same was made without notice;
that on the third day of July, 1918, Lapique filed in the su-
perior court an affidavit setting forth the fact that said order
of July 2, 1918, had been made without notice, and thereupon
an order was made, which was duly served upon the plain-
tiffs' attorneys, requiring them to appear before the court
on the sixth day of August, 1918, at 9:30 A. M., to show cause
why the reporter's transcript "settled and allowed by the
trial court without notice on the second day of July, 1918,
should not be allowed to stand, settled and allowed by the
trial court on July 2, 1918," in said action; that at the time
specified in said action to show cause the matter was continued
to Tuesday, August 13, 1918, at 9:30 A. M. The minutes of
the court for August 13th show that at the time to which said
matter had been continued, John Lapique appeared in court

*in propria persona,* plaintiffs' attorneys not appearing, and "order to show cause granted by the court (Judge Valentine), and reporter's transcript settled and allowed by the court." Under that date a statement of such settlement and allowance, signed by the judge, appears at the end of the transcript. The evidence herein further shows that the reporter's transcript, certified, settled, and allowed as above stated, was filed in the supreme court on the twenty-third day of August, 1918. (Supreme Court No. L. A. 5837.)

It thus appears that petitioner's demand upon the reporter for a further transcript of the proceedings in question, which demand he alleges that he made on the fifteenth day of August, 1918, was not made until after the trial judge, after due notice and on request of the petitioner, had regularly allowed and settled the transcript which had been duly and regularly certified by the reporter; and that petitioner's demand upon the lower court and the judge thereof for allowance and settlement of such "further reporter's transcript" was not made until after the original duly certified transcript had been filed in the supreme court, where the appeal then was and now is pending. The court's duty as well as its authority to settle a transcript had been exhausted. If the order of settlement was made through mistake, inadvertence, surprise, or excusable neglect of the party who demanded the transcript, it may be that upon application made as required by section 473 of the Code of Civil Procedure, he might have been relieved from such order. No such application appears to have been made. Petitioner seems to have relied upon the mistaken theory that, without any special showing of reasons for relief in the matter, he was entitled in the ordinary course of procedure to demand the settlement of an additional statement based upon the reporter's certificate to the correctness of a document containing matter additional to that contained in the settled transcript.

Petitioner's contentions herein are without merit, and the proceeding is dismissed.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 5, 1919.