[Civ. No. 3047.  Second Appellate District, Division Two.—November
22, 1919.]

G. A. SCHAEFER, Plaintiff, v. GEORGE I. DINWIDDIE
et al., Defendants; ANNA M. JOHNSON, Cross-com-
plainant and Appellant; G. A. SCHAEFER et al.,
Cross-defendants and Respondents.

[1] APPEAL—NOTICE OF DENIAL OF MOTION FOR NEW TRIAL—PRES-
ENCE IN COURT NOT SUFFICIENT.—The mere presence of a party
in court on the hearing at which a motion for a new trial is de-
nied is not sufficient to constitute notice of decision so as to start
the time running for the filing with the clerk of a notice request-
ing a transcript, to be used on appeal, as required by section 953a
of the Code of Civil Procedure.

[2] DEFAULT—MOTION TO VACATE—HEARING AFTER ONE YEAR—PRE-
SUMPTION OF REGULARITY.—Where a motion under section 473 of
the Code of Civil Procedure to set aside a default judgment, after
service by publication, is noticed and presented to the court within
one year, the fact that it is continued to a date after the expira-
tion of one year does not deprive the court of jurisdiction to act;
and the presumption of regularity in the court's proceeding is not
overcome by the mere fact that the minutes recite that a motion
to set aside the default was made on the latter date.

[3] PARTIES — WANT OF APPEARANCE — JURISDICTION TO GIVE JUDG-
MENT.—Where, in an action to quiet title to certain real property,
no pleading is filed on behalf of a given defendant, the court
is without jurisdiction to give a judgment establishing her title to
the property.

[4] TAX SALES—OMISSION OF AMOUNT OF ASSESSMENT—CERTIFICATE
OF SALE AND DEED VOID.—A certificate of sale and deed to the
state under a sale for delinquent taxes are fatally defective where
neither contains a statement of the amount of the assessment
under which the sale was made, as required by sections 3776 and
3785, respectively, of the Political Code.

APPEAL from a judgment of the Superior Court of
Riverside County.  F. E. Densmore, Judge.  Reversed.

The facts are stated in the opinion of the court.

Arvid G. Alm and Shepard & Alm for Appellant.

A. H. Winder for Respondents.

SLOANE, J.—This action was originally brought by G.
A. Schaefer, the plaintiff, to quiet title to a five-acre tract

of land in Riverside County against Anna M. Johnson and a number of other defendants. Judgment was taken by default against all defendants. Anna M. Johnson, having been served by publication, within a year moved to vacate the default and judgment, which motion was granted. She answered, and also filed a cross-complaint, claiming title to the land and naming the plaintiff, G. A. Schaefer, and one Grace B. Talbot (who was not made a party by the original complaint), as cross-defendants, and asking to have cross-complainant's title quieted against these defendants. Cross-defendant G. A. Schaefer answered the cross-complaint, but no proof of service of the cross-complaint upon, or of any appearance, answer, or other pleading on the part of cross-defendant Grace B. Talbot appears in the judgment-roll or transcript of the record. She, however, appeared on the trial, with counsel, and evidence was introduced in her behalf. Judgment was against the plaintiff, as well as the cross-complainant, and in favor of cross-defendant Grace B. Talbot, adjudging her to be the owner and in the possession of the premises, and quieting her title to the same against the other parties to the cross-action. Cross-complainant Anna M. Johnson appeals from this judgment.

[1] Respondents raise certain objections to appellant's standing in court on this appeal, which will first be considered. It is claimed that the appeal fails by reason of the alleged fact that appellant did not file with the clerk her notice requesting a transcript, as required by section 953a of the Code of Civil Procedure, within ten days after notice of decision denying her motion for a new trial. It does not appear by the record that any notice of the denial of the motion for new trial was served on appellant, but the record of the court's minutes does show that counsel for appellant were present in court on the hearing at which the motion was denied, and it is argued that this fact presumes actual notice at that time, under the authority of *Estate of Keating*, 158 Cal. 109, [110 Pac. 109]. The date of this hearing was March 27, 1916. The notice of demand for transcript was filed April 7, 1916—on the eleventh day after the date of ruling on the motion.

It will be noticed that in *Estate of Keating, supra,* the fact that appellant had actual notice of the order appealed

from upon a given date was conclusively evidenced by his having filed his notice of appeal from such order on that date, thus showing actual notice by an overt act of his own. The courts do not give such effect to the mere presence of a party in court on a hearing at which the action in question may be taken, unless by some affirmative proceeding in the matter he indicates that he has taken cognizance of the ruling of the court. *Brown* v. *Superior Court,* 175 Cal. 141, [165 Pac. 429], is directly in point on this question. There is nothing, therefore, in the record to show that the request for transcript was not in time.

[2] Respondents also raise the objection that the court was without jurisdiction to set aside the default judgment against appellant and to reopen the case, by reason of the fact that the motion was not made within one year, as provided by section 473 of the Code of Civil Procedure. No appeal or other direct action was taken upon this order vacating the default and judgment. This objection constitutes a collateral attack upon the action of the court in vacating this default and judgment. Even conceding that the order would be void on the face of the record if it affirmatively appeared therefrom that no motion was made to open the default until the year had expired, in this case it does not so appear, and every presumption is in favor of the jurisdiction. The notice of intention was filed on February 10, 1914, and recited that "defendant will, on February 21, 1914, move the court to vacate the judgment." This date was within the year by several days. There is no further entry regarding the matter until March 14, 1914, when the minutes of the court recite: "Motion to set aside default and judgment made in open court, argued by counsel and motion granted." *Non constat* but that on the date—February 21st—for which the hearing was noticed the moving party appeared, made her motion, and secured a continuance of the hearing to March 14th. If the motion was noticed and presented to the court within the year and continued for hearing to a later date, the court did not lose jurisdiction to act, and the presumption of regularity in the court's proceedings is not overcome by the mere fact that the minutes recite that a motion to set aside the default was made on the last-named date. It not infrequently happens

that such motions are repeated from time to time, where the hearings are postponed.

On the merits of the appeal the only question to be considered is whether the pleadings and evidence sustain the judgment in favor of cross-defendant Grace B. Talbot. The court found and decided that the plaintiff Schaefer never was the owner or in the possession of the land in question. The plaintiff is not appealing, so that the only parties concerned are the appellant and cross-complainant, Anna M. Johnson, who claims as the record owner of the premises, and the cross-defendant Grace B. Talbot, who, as indicated by the evidence given on the trial in her behalf, claims under color of title by mesne conveyances from the plaintiff Schaefer, and by virtue of actual possession of the land. She is not appealing, and is, therefore, bound by the decision of the court that Schaefer never had any title. The issue, then, resolves itself into one between the alleged record title of appellant and the possessory title of respondent Grace B. Talbot.

As hereinbefore stated, there is no record before us of any appearance or pleading on behalf of respondent Grace B. Talbot, and she is, therefore, without standing in this case to obtain affirmative relief. It is true that she prints, as an appendix to her brief on this appeal, what purports to be a copy of an answer filed to appellant's cross-complaint, in which is alleged ownership and possession of this land, but this nowhere appears in the authenticated transcript. There has been no suggestion for diminution of the record. [3] Without some pleading in her behalf, the court was without jurisdiction to give a judgment establishing her title to this land. (*Wilson* v. *White*, 84 Cal. 239, [24 Pac. 114]; *Kimball* v. *Richardson-Kimball Co.*, 111 Cal. 386, 397, [43 Pac. 111].) If, however, we were permitted to treat this document, printed in respondent's brief, as part of the record, we do not think this respondent was entitled to judgment in her favor.

[4] The record discloses that appellant Anna M. Johnson was the record owner of this land up to July 3, 1900, at which time the property was sold and afterward deeded to the state of California under a sale for delinquent taxes. The period of five years had elapsed without a redemption, but without a valid sale and conveyance by the state. There

has been an attempt by the state to convey to the plaintiff Schaefer, and it was by virtue of this deed that he brought this action; and under subsequent mesne conveyances, pending the suit, respondent Grace B. Talbot claims through the same deed. But the court found that the state had not conveyed any title under this deed, and this finding, as has been pointed out, is conclusive against this respondent. It therefore follows—assuming the tax sale and conveyance to the state to be valid—that respondent Grace B. Talbot's paper title fails, and she has only her naked possession of the land to oppose against appellant's claim of title.

The court finds that appellant was the owner of this land up to July 3, 1900, the date of the tax sale; and unless she was divested of title under this tax sale she is still the owner. In support of her contention that she has not lost her title, appellant interposes many objections to the validity of the assessment, sale, certificate, and deed upon which the finding that she was divested of her title rests. The most obviously tenable of these, in our judgment, is that neither the certificate nor the deed contains a statement of the amount of the assessment under which the sale was made. This was required as to the certificate, by the provisions of section 3776 of the Political Code as it read at the time of this transaction, and was a material requirement in the tax deed, under section 3785 of the Political Code. The only attempt at a recital of the amount of the assessment is the statement which appears in both the certificate and deed as follows: "That said property was assessed according to law in the year A. D. 1899 for the year 1899–1900 at —— dollars to Adam Hoffman, and the same was liable and subject to taxation; that said taxes were levied upon said property, and its value was equalized as required by law. That the amount of the tax so levied on said property was the sum of —— dollars as follows: For county purposes the sum of $——, for state purposes the sum of $——; and the penalties, costs and charges which have since accrued thereon amount to $8.50." There could be no valid basis for penalties, costs, and charges without an adequate amount assessed. We think the certificate and deed to the state fatally defective. *(Griggs* v. *Hartzoke,* 13 Cal. App. 429, [109 Pac. 1104]; *Henderson* v. *De Turk,* 164 Cal. 296, [128 Pac. 747]; *Grimm* v. *O'Connell,* 54 Cal. 522.)

This leaves the record title in appellant. The findings of the court against the title of appellant and in favor of the respondent Grace B. Talbot are not supported by the evidence.

It is not necessary to consider the other points raised by appellant's brief.

The judgment is reversed.

Finlayson, P. J., and Thomas, J., concurred.