[Civ. No. 2334.  Third Appellate District.—September 8, 1921.]

THE PEOPLE ex rel. E. P. FOLTZ, District Attorney, etc., Respondent, v. OLIVE E. GIFFORD et al., Appellants.

[1] RED-LIGHT ABATEMENT ACT — DISMISSAL OF ACTION AS TO OCCUPANT—OWNER NOT PREJUDICED.—While the Red-light Abatement Act (Stats. 1913, p. 20) contemplates that the owner and the occupant shall be made parties to a proceeding thereunder so as to afford them an opportunity to meet the accusations and protect their property interests, the owner cannot resist the abatement of the nuisance after it has been shown that the building is used for immoral purposes simply because the action is dismissed as to the occupant, even though such dismissal be erroneous.

[2] ID. — DISMISSAL OF MISDEMEANOR CHARGE — EFFECT OF — SECTION 1387, PENAL CODE, INAPPLICABLE.—Section 1387 of the Penal Code, providing that the dismissal of an action for a misdemeanor is a bar to another prosecution for the same offense, refers to criminal proceedings and is inapplicable to an equitable action for the abatement of a nuisance.

[3] ID. — PLEADING — AMENDMENT OF COMPLAINT — CORRECTION OF DESCRIPTION OF PROPERTY—AUTHORIZED PROCEDURE.—An amendment to the complaint in a proceeding under the Red-light Abatement Act after the cause was set for trial for the purpose of correcting a mistake in the description of the property was authorized by section 473 of the Code of Civil Procedure, and did not change the cause of action.

APPEAL from a judgment of the Superior Court of San Joaquin County. George F. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Albert M. Armstrong for Appellants.

Chas. Light and H. C. Stanley for Respondent.

BURNETT, J.—The action was under the Red-light Abatement Act (Stats. 1913, p. 20) and resulted in a judgment of abatement as a nuisance of certain buildings used for prostitution in the city of Tracy, in the county of San Joaquin. The appeal is here upon the judgment-roll alone and we can see no merit whatever in the position of appellants.

[1] It appears that after the evidence was heard the action was dismissed as to the occupant of the building, and it seems to be the claim of appellants that thereby the plaintiff lost the right to prosecute the cause any further; in other words, that the action must be prosecuted to judgment against both the owner and occupant, if prosecuted at all. There are certain cases of *joint tort-feasors* where this principle would probably apply, but such is not the situation herein. In considering the question, it is well to remember that the principal purpose of the action is to abate and prevent a nuisance, it being a proceeding *in rem,* primarily against the property because it is maintained and used in violation of the law. The statute contemplates that the owner and occupant shall be made parties to the action to afford them an opportunity to meet the accusation and protect their property interests, but when it has been shown that the building is used for such immoral purposes, the owner cannot resist the abatement of the nuisance simply because the court has seen fit to dismiss the action as to the occupant. It is manifest that he is not prejudiced in any manner by such dismissal, however erroneous it may be. The case is entirely different from those instances of joint personal liability where there may be the right of contribution. Besides, the record does not show upon what ground the action was dismissed nor upon whose motion. We may assume that it was done at the instance and according to the request of appellants. If so, they would not be heard to question a righteous judgment upon the ground that it was irregularly rendered by reason of an error com-

mitted at their own solicitation. For be it said that, according to the findings, the court committed error in dismissing the action against Jessie Green.

As to her it may be said, in addition, that she has no ground for complaint, since her property was not sold, as might have been done under the evidence. It was ordered removed from the building, but this is a necessary incident to the judgment closing the building for a year, and the result was really more favorable to her than she had the right to expect.

[2] There is no room for the application of section 1387 of the Penal Code, providing that the dismissal of an action for a misdemeanor "is a bar to any other prosecution for the same offense," etc. That refers to criminal proceedings, while here we are dealing with an equitable action for the abatement of a nuisance. (*McCarthy* v. *Gaston Ridge Mill etc. Co.,* 144 Cal. 542, [78 Pac. 7].) The civil action is entirely distinct from the criminal, and the prosecution of one does not prohibit the prosecution of the other. We may add that there is no evidence in the record that any criminal proceeding has been instituted against either of the defendants.

[3] Equally without merit is the claim that the amendment to the complaint, allowed by the court after the cause was set for trial, "set up an entirely new cause of action, leaving the court with no jurisdiction to proceed further in the summary proceeding." It seems that a mistake was made in the description of the property, it being designated in the original complaint as lots 9 and 10, whereas it was really lots 7, 8, and 9; and the court permitted the correction to be made. We can conceive of no reason why the court should not allow such amendment. In that respect this class of actions stands upon the same footing as other proceedings. The amendment was in furtherance of justice and was authorized by the code and the decisions of the courts. (Code Civ. Proc., sec. 473; *Carter* v. *Lothian,* 133 Cal. 451, [65 Pac. 962].) Of course, the court did not lose jurisdiction of the cause by reason of said amendment, nor is there anything to show that appellants were at all prejudiced thereby. If they had desired additional time in which to plead or to secure further evidence in consequence of said amendment they should have re-

quested it. Manifestly, though, the amendment was of such nature as to require no continuance of the trial.

It is claimed that the court failed to find upon "material allegations of the answer." The specification is too indefinite to demand particular notice. However, we find no *material allegation* that did not receive attention in the findings. Moreover, if there be any such allegation, "it must be presumed, in the absence of a contrary showing in the record, that there was no evidence which would have sustained a finding in their favor on such issue." (*Coats v. Coats,* 160 Cal. 671, [36 L. R. A. (N. S.) 844, 118 Pac. 441].)

The only other objection worthy of notice is that the court, "after having already acquitted the occupant of the building, Jessie Green, of the charge of maintaining a nuisance then proceeded in the same action to find her guilty of the same charge and inflicted upon her the penalty of such unwarranted conviction, to-wit, eviction from the accused building, confiscation of her lease and removal of all her personal property therefrom . . . contrary to the express mandates of amendments V and VI of the constitution of the United States of America."

This objection erroneously assumes that the court acquitted said Green of the charge of maintaining a nuisance. The fact is that the court found "that said Jessie Green is the owner of the furniture, fixtures and musical instruments and other movable property situated in said building, and that the same are used in conducting, maintaining, aiding and abetting said nuisance." It is true, as already seen, that for some undisclosed reason the action as to her was dismissed, but this was after she had her day in court and the opportunity to defend the action. The dismissal was apparently an unwarranted favor granted to her and saved her the payment of costs of suit.

That said amendments have no application to the case is quite apparent. The only provision therein that could possibly be regarded as bearing upon the controversy is the one prohibiting the taking of one's property "without due process of law."

But she was afforded the benefit of every privilege that the law contemplates, and it was only after full hearing

that the court concluded that said nuisance existed and was being maintained by the defendants.

Of course, there can be no question that the state has authority to provide for the abatement of nuisances, whether they exist by the fault of individuals or not. (Cooley's Constitutional Limitations, 7th ed., p. 849.)

It may be added that our supreme court has held that the sixth amendment to the constitution of the United States has no application to proceedings in our state courts. (*People* v. *Nolan,* 144 Cal. 75, [77 Pac. 774].)

We can see no merit in the claim of appellants and the judgment is affirmed.

Finch, P. J., and Hart, J., concurred.