[Civ. No. 4128.  First Appellate District, Division Two.—March 2, 1922.]

## FRANK CRESTA et al., Appellants, v. THE OCEAN SHORE RAILROAD COMPANY, Respondent.

[1] JUDGMENT—MOTION TO VACATE—EXCUSABLE NEGLECT—CONFLICTING AFFIDAVITS—APPEAL.—An order denying a motion made under section 473 of the Code of Civil Procedure to vacate a decree in an action to quiet title under the McEnerney Act will not be disturbed on appeal, where heard on conflicting affidavits and no abuse of discretion is shown.

[2] QUIETING TITLE—RAILROAD RIGHT OF WAY—JURISDICTION TO AWARD FEE-SIMPLE TITLE—QUESTION PRESENTABLE ON APPEAL.—A judgment in an action to quiet title under the McEnerney Act in favor of plaintiffs as to a portion of the property and in favor of defendant as to a strip of land running through the property and used by it as a right of way for its railroad is not subject to attack on a motion to vacate the decree under section 473 of the Code of Civil Procedure, on the ground that the court was without jurisdiction to award defendant fee-simple title, since if error was committed the remedy was by appeal from the decree.

[3] ID.—SUBSEQUENT ABANDONMENT OF RAILROAD—IMMATERIAL EVIDENCE.—On such a motion evidence relating to the abandonment of the operation of the railroad nearly a year after the decree was wholly immaterial.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to vacate a decree in an action to quiet title. John J. Van Nostrand, Judge. Affirmed.

The facts are stated in the opinion of the court.

T. Z. Blakeman for Appellants.

McCutchen, Willard, Mannon & Greene, McCutchen, Olney, Willard, Mannon & Greene and F. F. Thomas, Jr., for Respondent.

NOURSE, J.—This is an appeal from an order denying plaintiffs' motion to vacate the findings, conclusions of law, and decree in favor of defendant in an action to quiet title under the McEnerney Act. Judgment was entered on October 28, 1919, in favor of plaintiffs as to a portion of

the property involved in the action and in favor of defendant as to a strip of land running through the property and used by defendant as a right of way for its railroad. A fee-simple title was decreed to the defendant, and plaintiffs claim that the court was without jurisdiction to award more than an easement as to an undivided one-half thereof because title thereto was obtained by a suit in condemnation for railroad purposes. Upon the hearing of the motion evidence was offered that some time after the entry of judgment the defendant, with the consent of the state Railroad Commission, ceased to operate its road over the property in controversy.

The motion was made under section 473 of the Code of Civil Procedure, and was based upon the grounds of plaintiffs' excusable neglect, surprise, mistake, and inadvertence, and also upon the grounds that the findings of fact were erroneous, inconsistent, contradictory, and unintelligible. No appeal was taken from the judgment and no motion for a new trial was made.

[1] The "excusable neglect" of plaintiffs was based on the fact that their counsel was ill when the findings of fact and conclusions of law were signed and filed, and for some days thereafter. The motion was supported by affidavits and assailed by counter-affidavits, presenting a wide conflict which the trial court was required to determine. This determination was adverse to plaintiffs and is binding on this appeal unless a clear abuse of discretion is shown. An examination of the record convinces us that the trial court did not abuse that discretion.

[2] It is argued that the motion should have been granted as a matter of right, because the judgment was void on its face. The point here is that as defendant acquired part of its title through a decree in condemnation for railroad purposes, and that for such purposes an easement only can be acquired, the court was without jurisdiction to award a fee-simple title. But this was one of the questions at issue in the trial and one which the trial court was required to determine. If it decided wrongly, plaintiffs had their remedy by appeal. If error at all, it is error committed within the jurisdiction of the court. Respondent disputes the claim and argues that the evidence was sufficient to show fee-simple title. Whether this is so is of no conse-

quence, so long as the decree itself does not disclose a want of jurisdiction.

[3] The evidence relating to the subsequent abandonment of the operation of the railroad was wholly immaterial to the questions raised by the motion for relief from the judgment under section 473 of the Code of Civil Procedure. It was something that occurred nearly a year after the decree and could not be cited as evidence of surprise, neglect, mistake, or inadvertence on the part of plaintiffs in connection with the entry of the decree.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 1, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.*, was acting.