[Civ. No. 4482. Second Appellate District, Division Two.—November 15, 1927.]

N. J. SHUPE, Appellant, v. DONALD L. EVANS, Respondent.

Hahn, Hahn & Landroth and Hayden L. Hews for Appellant.

Sarau & Thompson for Respondent.

COLLIER, J., *pro tem.*—This is an unlawful detainer action. The chronology of the case is as follows:

February 23, 1923, complaint in unlawful detainer filed, and summons issued.

February 24, 1923, complaint and summons served on defendant.

February 28, 1923, default of defendant entered.

March 3, 1923, trial had.

March 3, 1923, findings and conclusions of law filed.

March 5, 1923, judgment filed and entered.

March 5, 1923, writ of possession issued.

March 6, 1923, writ of possession served and satisfied.

March 6, 1923, demurrer filed.

March 12, 1923, demurrer dropped from calendar.

March 18, 1923, notice of motion to set aside the judgment entered herein under section 473 of the Code of Civil Procedure.

May 18, 1923, affidavits of Thompson and the defendant filed.

May 18, 1923, proposed answer filed.

June 11, 1923, order setting aside judgment entered.

June 19, 1923, notice of appeal filed.

It will be noticed that the judgment was entered March 5, 1923; that the notice to set aside said judgment was not served or filed until May 18, 1923, or almost two and one-half months after the entry of judgment; that the order setting aside said judgment was not entered until June 11, 1923, or over three months after default.

The appeal is taken from the order setting aside said judgment of March 5, 1923. Appellant claims that section 473 of the Code of Civil Procedure does not apply to an unlawful detainer action, while section 1179 of the same code does govern.

Respondent controverts this position, and alleges furthermore that the complaint fails to state a cause of action in this: (1) That the lease provides that said defendant shall "keep all of said grounds in first-class condition, including the proper attention and irrigation of grapes, shrubs, grass, vines and any other plants or trees growing thereon, *all in accordance with the directions of the*" *plaintiff;* (2) that the alternative notice provided for in subdivision 3 of section 1161 of the Code of Civil Procedure was not served, and that service of such notice was jurisdictional.

We will not discuss the sufficiency of the complaint.

The defect, if any there was, was not one going to the jurisdiction of the court, and hence the judgment was not void, and the remedy of the defendant was by appeal.

"But this was not a defect going to the jurisdiction of the superior court, and the judgment in respect thereto was not void. The complaint sought this very relief, and the court erroneously concluded. that the plaintiff in that action was entitled to this relief as against petitioner. It is thoroughly settled in this state that the failure of a complaint to state facts sufficient to constitute a cause of action does not render a judgment void. The court had full jurisdiction of the subject matter of the action, and by reason of personal service on the petitioner, full jurisdiction of the person of the defendant as to all the matters tendered by the complaint. (See *Crouch* v. *H. L. Miller & Co.,* 169 Cal. 341 [146 Pac. 880], and cases therein cited.) The remedy of the petitioner

who must be held to have been perfectly advised of the claim of the plaintiff in that action, as stated in his complaint, was to contest that claim in the trial court, or on appeal from that judgment." (*Gillespie* v. *Fender,* 180 Cal. 202, 203 [180 Pac. 332].)

We will now discuss and consider the order of the court vacating the judgment of March 5, 1923. It is not claimed by appellant that the trial judge abused his discretion in making said order, but the sole point raised is that section 1179 of the Code of Civil Procedure governs, and is the only remedy of respondent, and that section 473 has no application to cases in unlawful detainer.

No cases have been cited by either counsel, and we know of none, where section 473 has been applied to unlawful detainer cases; but it has been used in various special proceedings, such as claim and delivery (*Bonestell* v. *Western Auto-Motive Finance Corp.,* 69 Cal. App. 719 [323 Pac. 734]), *mandamus* (*Lapique* v. *Superior Court,* 40 Cal. App. 582 [181 Pac. 227], where the court indulges in some *obiter dicta* at page 584), Torrens title proceedings (*Beggs* v. *Riordan,* 44 Cal. App. 230 [186 Pac. 187]), quiet title proceedings (*Schaeffer* v. *Dinwiddie,* 44 Cal. App. 405 [186 Pac. 617]), redlight abatement (*People* v. *Gifford,* 54 Cal. App. 182 [201 Pac. 469]), quiet title under McEnerney Act (*Cresta* v. *Ocean Shore R. R. Co.,* 56 Cal. App. 687 [206 Pac. 460]), criminal cases (*People* v. *Mahach,* 60 Cal. 635 [213 Pac. 539]), partition proceedings (*Chavez* v. *Scully,* 69 Cal. App. 633 [232 Pac. 165]), and adoption proceedings (*In re De Leon,* 70 Cal. App. 1 [232 Pac. 738]).

It is thus seen that section 473 is of very wide application.

Furthermore, a consideration of the two sections leads us to disagree with appellant's contention. Section 1179 of the Code of Civil Procedure provides that: The court may relieve a tenant against the forfeiture of a lease . . . in case of hardship, where such application is made within thirty days," etc. It will be observed that no mention is made of "mistake, inadvertence, surprise or excusable neglect." If appellant's contention were correct neither party would be entitled to relief in case of mistake, inadvertence, surprise, or excusable neglect, no matter how meritorious the application might be. Again, section 473 is purely procedural,

while section 1179 deals more with substantive law mixed with procedure.

Again, section 1179 deals with an entirely different situation than section 473. Under section 1179 the application may be made by the defendant (the tenant), and also by either "a subtenant, mortgagee, or any other person interested in the continuance of the term," whether parties to the action or not, while section 473 is limited to the parties themselves or their legal representatives.

■ Hence, we are of opinion that the relief granted by section 473 is in addition to, or cumulative of, that given by section 1179.

The appellate courts of the state have decided so many times that a trial upon the merits is to be had wherever possible that no citation of authorities is necessary.

■ The trial court having passed upon the sufficiency of the showing made by the defendant to be relieved from the default judgment and no abuse of discretion being either claimed or shown by the record, the order vacating the judgment of March 5, 1923, is affirmed.

Craig, Acting P. J., and Thompson, J., concurred.