KEENAN v. DANIELLS.

1. That defendant was erroneously advised, and honestly believed that the payment of delinquent taxes and costs was essential to her right to make defense or to answer, afforded no ground for setting aside a default judgment rendered against her, as her mistake was one of law.

2. On an application to open a default judgment under Rev. Code Civ. Proc. § 112, subd. 5, providing that a delinquent party who has been served by publication may be allowed to defend, on good cause shown, within one year after the entry of judgment, it appeared that defendant's claim to the land in suit was based on a mortgage on which no interest had been paid for over 10 years, while plaintiff relied on a tax deed regularly issued, and of record more than 3 years. There was no question that the land was liable for unpaid taxes in the amount for which it was sold, and the only irregularity alleged in defendant's proposed answer related to a defect of description in the assessment roll and notice of sale. Defendant had had due notice of the institution of the suit, and had conferred with an attorney about it, and, according to her own statement, neglected to make defense because she could not procure the necessary money to pay back taxes and costs, which she understood would have to be paid. The attorney with whom she consulted testified, however, that he gave her no such advice, and that, in

response to his suggestion that she employ an attorney, she stated that she had no money to expend in that way. Held, that the trial court was justified in concluding that defendant had failed to show good cause for relief against the judgment.

CORSON, P. J., dissenting.

(Opinion filed June 1, 1904.)

Appeal from circuit court, Clark county; Hon. JULIAN BENNETT, Judge.

Action by S. A. Keenan against C. H. Daniells. From an order refusing to vacate a default judgment, defendant appeals. Affirmed.

*John Sutherland* and *C. G. Sherwood*, for appellant. S. A. Keenan, in pro. per.

*Horner & Stewart*, for respondent.

FULLER, J. Judgment by default in favor of plaintiff was regularly entered in this action to quiet the title to 160 acres of Clark county land. Within a year thereafter the defendant, a nonresident upon whom personal service of the summons and complaint was legally had in the state of Michigan, moved to vacate such judgment, and for leave to answer the complaint. On this appeal from an order denying the application, it is claimed, as in the court below, that appellant was mistaken as to her legal rights, and in a financial condition that rendered it impossible for her to employ counsel to appear and defend in the action.

Respondent's claim of ownership is based upon a tax deed regularly issued, and of record more than three years; and appellant relies upon a mortgage on the premises executed and delivered to her assignor on the 23d day of December, 1886, to secure a loan of $300, upon which no interest has been paid

since the year 1890. That the land was liable for unpaid taxes in the amount for which it was sold is not questioned, and the only irregularity alleged in the proposed answer relates to a defect of description in the assessment roll and notice of tax sale.

Upon the hearing of the motion, appellant testified, in substance, that upon receiving the summons and complaint in the action she conferred with I. T. Cowles, an attorney of Detroit, Mich., with reference to the case, and that he advised her, after corresponding with counsel for respondent, that, unless she could raise $100 for the payment of taxes and costs, it would be useless to interpose a defense; that she was wholly unable to procure such sum of money, and, believing it was necessary to advance the same, was misled as to her rights in the premises. Mr. Cowles, though never retained by appellant, testified that he had a conversation with her concerning the case, and, at her request, wrote respondent concerning the same; that he did not at any time intimate to her that it would be necessary to advance $100, or any other amount, as a condition precedent to serving her answer, or for any other purpose, and in response to his suggestion that she employ an attorney in South Dakota, she stated that she had no money to expend in that way.

If it be contended that appellant was erroneously advised, and honestly believed the payment of delinquent taxes and costs to be essential to her defense or right to answer, the mistake is one of law and furnishes no ground for setting aside the judgment. Plano Mfg. Co. v. Murphy, 16 S. D. 380, 92 N. W. 1072.

When service by publication is ordered, it is provided in

subdivision 5 of section 112, Rev. Code Civ. Proc., that a delinquent party may be allowed to defend, upon good cause shown, at any time within one year after notice of the entry of judgment, and within seven years after its rendition, upon such terms as may be just.    According to appellant's affidavit, her lien upon the land when the action was commenced amounted to more than $700; and her delay for so many years after mortgagor's default, and her failure to make an attempt to procure counsel, suggest an intent to abandon every right under the mortgage.

In view of all the circumstances, the trial court was justified in its conclusion that appellant had failed to show good cause for relief against the judgment regularly entered, and, in the absence of any available mistake or imputation of fraud, it cannot be said that the record discloses an abuse of discretion.

The order appealed from is affirmed.

CORSON, P. J., dissents.