[Civ. No. 3082. Second Appellate District, Division One.—November 8, 1919.]

HENRY JACKSON BEGGS, Respondent, v. MABEL B. RIORDAN et al., Defendants; MABEL B. RIORDAN, Appellant.

[1] JUDGMENTS—MOTION TO SET ASIDE—PROCEEDING UNDER LAND TITLE LAW—SUFFICIENCY OF AFFIDAVIT OF MERITS.—Upon a motion to set aside a judgment obtained in a proceeding commenced under the provisions of the land title law adopted by the initiative method at the general election of November 3, 1914, and in which the petitioner sets forth in his petition that his title was acquired by two certain tax deeds, a sufficient affidavit of merits is presented where the defendant states in her affidavit that she "has fully and completely stated all the facts of the case to her counsel . . . and that she has been informed that she has a full and complete defense to said action," and points out some of the alleged defects in petitioner's tax deeds, and the affidavit of her attorney recites that he "has examined the tax deeds and proceedings leading up to the issuing of the tax deeds upon which plaintiff's action is based, and finds that there are numerous irregularities in the proceedings, making said deeds and the pro-

ceedings therein void from the beginning. That he has advised defendant . . . that she has a good and complete defense to the action of plaintiff herein upon the merits thereof," and that the defendant "is the owner in fee and record owner of said property subject only to the alleged claims of said tax deed, which are void."

APPEAL from an order of the Superior Court of Orange County, denying a motion to set aside a judgment. W. H. Thomas, Judge. Reversed.

The facts are stated in the opinion of the court.

John F. Poole for Appellant.

Walter Eden for Respondent.

CONREY, P. J.—Defendant Riordan appeals from an order denying her motion to set aside the judgment rendered against her and permit her to defend. The proceeding was commenced by petitioner Beggs under the provisions of the land title law adopted by the initiative method at the general election of November 3, 1914. Petitioner set forth in his petition that his title to the two lots described in the petition was acquired by virtue of two certain tax deeds of date September 25, 1915. The judgment purporting to establish petitioner's title and to authorize registration thereof is based upon findings which recite that defendant Riordan could not with reasonable diligence be found and served in this state, and that service was made by publication of the statutory notice and by mailing of a copy thereof to appellant's last known place of residence.

[1] Under the circumstances shown by the record there is no doubt that appellant's motion, which was made within one year after the rendition of the judgment, should have been granted, if the affidavits of merits upon which the motion was made were sufficient. (Code Civ. Proc., sec. 473.) In her affidavit appellant stated "that affiant has fully and completely stated all the facts of the case to her counsel herein, and that she has been informed that she has a full and complete defense to said action." The affidavit of her attorney contains the following: "That affiant has examined the tax deeds and record of the proceedings leading up to the issuing of the tax deeds upon which plain-

tiff's action is based, and finds that there are numerous irregularities in the proceedings, making said deeds and the proceedings therein void from the beginning. That he has advised defendant herein, Mabel B. Riordan, that she has a good and complete defense to the action of plaintiff herein upon the merits thereof. The defendant herein, Mabel B. Riordan, is the owner in fee and record owner of said property subject only to the alleged claims of said tax deeds, which are void. That some of said irregularities are duly set out in the affidavit of defendant herein." The affidavit of defendant pointed out some of the alleged defects in petitioner's tax deeds, stating, among other things, "that the taxes on said property were extended for a greater sum than was due, and the property was sold to the state for a sum greater than was due for said year." Appellant, in connection with her motion (although that part of said section 473 requiring the presentation of such answer, does not apply to a motion for relief upon the grounds specified in the motion), tendered a verified answer denying the plaintiff's alleged ownership of the land, and alleging that appellant was the owner in fee and entitled to possession thereof.

We think that the affidavits of merits were sufficient and that the court erred in denying the motion. (*Gray* v. *Lawlor,* 151 Cal. 352, 356, [12 Ann. Cas. 990, 90 Pac. 691]; *Osmont* v. *All Persons, etc.,* 165 Cal. 587, 590, [133 Pac. 480].)

The order is reversed.

Shaw, J., and James, J., concurred.