[L. A. No. 6737. In Bank.—August 2, 1922.]

# TITLE GUARANTEE AND TRUST COMPANY (a Corporation), et al., Appellants, v. WILLIAM GRISET et al., Respondents.

[1] LAND TITLE ACT—ADVERSARY PROCEEDING.—A proceeding under the Land Title Act, commonly known as the "Torrens Act" (Stats. 1915, p. 1932) is not a proceeding *sui generis*, friendly in its nature, instituted merely for the purpose of obtaining conclusive evidence of title, but is an adversary proceeding by reason of the possibility of an adverse claim.

[2] ID.—PURPOSE OF ACT.—The purpose of the Torrens land law is not only to create and perpetuate a marketable title to land sought to be registered under its provisions, but it was intended, as well, to conclusively determine every and all adverse claims against the registered land.

[3] ID.—JURISDICTION OF COURT.—The court hearing an application to register title under the Torrens Act has jurisdiction not only to ascertain and certify real estate titles, but to adjudicate all claims affecting in any manner the title in question.

[4] ID.—RIGHTS OF ENCUMBRANCERS.—A proceeding to register title under the "Torrens Act" is not a friendly proceeding as to encumbrancers claiming under the applicant, since the act itself by the provision that such persons are necessary and proper parties recognizes the fact that they possess certain rights for the protection of which they are entitled to appear.

[5] ID.—TRUST DEED—RIGHT AND DUTY OF TRUSTEE AND BENEFICIARY—APPEARANCE IN PROCEEDING.—Under a deed of trust which expressly provided that the grantors should appear and defend in any action affecting or purporting to affect the property, or the title thereto and that in the event of their failure to do so the trustee and the beneficiary, or either of them, could appear and defend and charge the fees and expenses thereof to the grantors, the trustee and the beneficiary had not only the right, but it was their duty to appear in a proceeding by the grantors to register their title, and they were not bound to rely upon their interests being adequately protected by the owners.

[6] ID.—EXPENDITURES IN APPEARANCE—REIMBURSEMENT FROM TRUST PROPERTY.—A trustee under a trust deed in appearing in a proceeding to register the title to the encumbered property is not a mere volunteer and he may look for reimbursement for expenditures in so doing to the trust property.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

Hickox, Crenshaw & Trude for Appellants.

Banta & Banta for Respondents.

LENNON, J.—The appeal in this case came to this court upon a petition for a rehearing after decision by the district court of appeal, first district, second division. The facts of the case as evidenced by the pleadings, proof and findings are these: On July 15, 1916, the defendants herein, William Griset and Eva Griset, his wife, executed to the plaintiff Mortgage Guarantee Company their note for $4,000, payable three years after date, which note was secured by a deed of trust to the plaintiff Title Guarantee and Trust Company covering certain land in Imperial county. On April 19, 1917, the defendants herein made application to the superior court of Imperial County to have the title to the land which was the subject of the deed of trust registered under the Land Title Act commonly known as the "Torrens Act," in effect December 19, 1914. (Stats. 1915, p. 1932.) Plaintiffs herein were duly served with notice of said application and, appearing specially in the registration proceedings, interposed their respective demurrers and objections to the application. The demurrers assailed the application generally upon the grounds of the insufficiency of the facts stated, misjoinder of parties, ambiguity, etc., and especially upon the ground that certain of the facts alleged in the application showed that the appellants were not qualified to have registration of the title to the lands in question, and that the respondents in the registration proceedings, the plaintiffs here, were the owners of the legal title to said lands. The objection to the application which accompanied the demurrers was that the Title Guarantee and Trust Company, a respondent in the registration proceedings and one of the plaintiffs here, was the owner of the legal title to the lands in question, and that it held such title in trust, with full power and authority to sell and dispose of the same in payment of an indebtedness upon

a loan made to the then owners of said real property and payable to the other respondent in the registration proceedings, the Mortgage Guarantee Company, upon default being made in the payment of either the principal or interest of such indebtedness. The said demurrers and the objection were disallowed by the court hearing the application for registration, and the respondents therein, the plaintiffs here, were directed to pay their own costs. Thereafter, on August 17, 1917, counsel for respondents in the registration proceedings entered into a stipulation, which was filed in the proceeding on September 24, 1917, assenting to the registration of the title to the lands in question "on condition that any certificate of title issued by the order of the court show therein as prior and taking precedence over all other encumbrances on said title," the trust deed in question. Thereafter, on July 17, 1918, pursuant to said stipulation, a decree was made and entered authorizing and directing the registration of the title to the lands in question under said Land Title Act, and accordingly on the last-mentioned date said land was registered by the registrar of titles of Imperial County as the separate property of the appellant William Griset, one of the defendants here. Said decree and the certificate of registration both show the title to said land registered subject to said deed of trust and the provisions thereof and subject to the rights of the plaintiffs herein as shown by said trust deed. The plaintiff herein, Title Guarantee and Trust Company, paid the filing costs, amounting to $7, incurred in the registration proceedings, and the sum of $50 as attorney's fees incurred in the presentation and prosecution of the demurrers and objections. Thereafter demand was made upon the defendants here that, as the applicants in the registration proceedings, they reimburse plaintiff Title Guarantee and Trust Company for the moneys thus expended. The demand was refused, and when the note secured by the trust deed became due the defendants herein tendered to the plaintiffs the amount of the principal and interest due thereon. The tender was refused by the plaintiff upon the ground that the amount of the tender was insufficient, in that it did not include the amount of the filing and attorney's fees incurred and paid by the plaintiff in the registration proceedings. This action was then instituted for the purpose of obtaining the consent of

the court to sell the property held under the trust deed as security for the payment of the note.

The cause of action pleaded in the instant case was rested substantially upon the facts hereinbefore narrated, and proceeded primarily upon the theory that inasmuch as the trust deed in question did not contain the provision "with power of sale" the trustee did not have power to sell or otherwise dispose of the land held under the trust deed without an order of court so to do, and that therefore in order to enforce the provisions of the trust it was necessary, under the requirements of the Land Title Act, under which the registration proceedings were had, to procure an order of court authorizing the sale of the property secured by the trust deed. (Sec. 69, Land Title Law, Stats. 1915, p. 1944.)

The plaintiffs' complaint alleged, among other things, that, in addition to the amount due on the note for the principal and interest, there was due to the plaintiffs the sum of $57 which they were compelled to pay as costs and attorney's fees in the registration proceedings, and that said last-mentioned sum was a necessary and a reasonable expenditure and was expended under and by the terms and according to the provisions of the deed of trust.

Answering the plaintiffs' complaint, the defendants admitted all of the material allegations thereof save and except the alleged need and right of plaintiffs appearing in the registration proceeding for the purpose of protecting the lien of the trust deed; the allegation concerning the amount, which included the said filing and attorney's fees claimed to be due on the note for principal and interest, and the allegation that the sum of $57 for said filing and attorney's fees in the registration proceeding was necessarily incurred under the terms of the trust deed or otherwise. Following a denial of the last-mentioned allegations, the defendants in their answer affirmatively allege that plaintiffs' appearance in the registration proceeding was neither necessary nor *bona fide*. By way of cross-complaint the defendants alleged a tender to and refusal by the plaintiffs of the full sum of principal and interest due on and under the terms of the note at the date of the tender, and that thereby the rights of the plaintiffs under the trust deed were extinguished. It was an admitted fact in the case that, as alleged

in the cross-complaint, the application for registration of the title to the land in question fully and properly set forth all of the facts required by the Land Title Act to be set forth, and complied with all of the provisions and requirements of said act, and that in addition thereto said application averred that the land described therein for registration of title was subject to the terms and conditions of the trust and to the rights of the plaintiffs under the trust deed. It was also an admitted fact in the case, as alleged in the cross-complaint, that the title to the land in question was registered pursuant to the registration decree in the proceedings, subject to the terms of the trust deed and subject to the rights of plaintiffs as shown by the trust deed. It was a further admitted fact in the case that the sum tendered to plaintiffs on June 18, 1919, in satisfaction of the note and trust deed covered the principal and interest due thereon on the date of the tender, but did not include the $57 incurred and paid for filing and attorney's fees in the registration proceedings.

Upon the issues thus raised and the admitted facts of the case a trial was had by the court below and judgment rendered and entered that plaintiffs were not entitled to the order of sale prayed for and were not entitled under the trust deed to be reimbursed for the costs and attorney's fees incurred and expended in the registration proceedings, and that the defendants, upon the issue presented by the cross-complaint, have judgment upon the payment to the plaintiffs of the principal and interest tendered to the plaintiffs and found to be due on the note on the day of the tender canceling said note; directing the plaintiff Title Guarantee and Trust Company to execute a reconveyance of the property embraced within the terms of the trust deed; directing the registrar of titles of Imperial County to enter a memorial on the certificate of title and the duplicate thereof that said property was no longer subject to said trust deed and that the same was satisfied by order of the court. The judgment rests in part upon findings to the effect that it was unnecessary for plaintiffs, or either of them, to appear in the registration proceedings and that it was not necessary for plaintiffs, or either of them, to pay counsel fees and costs in the sum of $57, or in any other sum, in said proceeding, and that they, nor either of them,

were compelled to pay said sum and that the same was not paid under or by the terms or according to the provisions of the trust deed. Upon this appeal from the judgment thus entered the only point urged in behalf of plaintiffs for a reversal is that the court erred in finding that it was unnecessary for plaintiffs to appear in the registration proceeding and that defendants were not bound by the provisions of the trust deed to pay the filing and attorney's fees incurred and paid in said proceeding. In this behalf it is the contention of plaintiffs that it was the right and duty of plaintiff, Title Guarantee and Trust Company, as trustee, to appear and defend against the registration proceeding under the terms of the trust, which required the trustee "to appear and defend in any action . . . to protect, preserve and defend said property and the title thereto, and to conserve and to commence and prosecute any action necessary to protect the same and to pay all expenses thereof."

[1] The petition for a rehearing was granted largely upon the theory that there was much merit in the point made, in effect, in the petition for rehearing, that a registration proceeding under the Torrens Act was not, in theory or in fact, an adversary proceeding and that under the facts set forth in the application for registration of the title to the land in question the plaintiffs in this action, the respondents in the registration proceedings, unnecessarily appeared therein and thereby burdened the property subject to the trust with an unnecessary and unprofitable expenditure, which should, therefore, be borne by the plaintiffs. Further consideration of the case convinces us that there is no merit in this contention. The proceedings under the Torrens Act is an adversary proceeding. It is not a proceeding *sui generis*, friendly in its nature, instituted merely for the purpose of obtaining conclusive evidence of title. While under the technical code definition it is a special proceeding, nevertheless it differs in no material respect from an ordinary action in equity. The notice of hearing, required as in other civil actions, the method of service of summons and the time for appearance after such service are practically the same. Verified pleadings are required and any pleadings including, of course, a demurrer to the application, which are adequate to create and cover any

issue necessary to a determination of the questions involved in the application are permissible and proper. (*Frances Investment Co.* v. *Superior Court, ante,* p. 107 [208 Pac. 105]; *Duffy* v. *Sheriden,* 139 App. Div. 755 [124 N. Y. Supp. 529].) An issue of fact claimed by a person claiming any interest in the land is to be, upon demand, tried by a jury. The jurisdiction to hear and determine the application is conferred upon the superior court, which is the ordinary trial tribunal. As pointed out in *Frances Investment Co.* v. *Superior Court, supra,* the course outlined for a Torrens proceeding is strikingly similar to that provided by general law for the ordinary civil action, from the filing of complaint to the rendition of judgment. Not only is the procedure provided by the Torrens Act. that of an adversary proceeding, but the very object of the act is to furnish a title impregnable against every attack from any source, and the jurisdiction of the court, which is coextensive with that contained in an equitable action to quiet title, confirms the conclusion that the registration proceedings provided by the Torrens land law are in fact adversary. [2] The purpose of the Torrens land law is not only to create and perpetuate a marketable title to land sought to be registered under its provisions, but it was intended as well to conclusively determine every and all adverse claims against the registered land. [3] For this purpose the court hearing the application to register has jurisdiction not only to ascertain and certify real estate titles, but to adjudicate all claims affecting in any manner the title in question, even to the extent of rescinding and setting aside a trust deed on the ground that it was procured by fraud. (*Frances Investment Co.* v. *Superior Court, supra.*) Notwithstanding the fact that in a particular case there is the possibility that the application for registration will not be opposed, nevertheless the proceeding is essentially an adversary one for, a hostile claim being possible, there is, in contemplation of law, an adverse claim to be settled, and a right to be protected against a possible claimant. (*Robinson* v. *Kerrigan,* 151 Cal. 40, 48 [121 Am. St. Rep. 90, 12 Ann. Cas. 829, 90 Pac. 129].)

[4] Nor is such a proceeding adverse only to persons opposing the registration and friendly to those claiming under the applicant. It was held in *Hawes* v. *United States*

*Trust Co. of New York,* 142 App. Div. 789 [127 N. Y. Supp. 632], that a statute of that state similar to ours authorizing appearance in title registration proceedings by persons adversely interested, was not intended to be limited in its application to persons desiring to oppose the application for registration, or to set up a cross-demand to have the title registered in their own behalf, but allows any person interested in the property, or whose interests may be affected by the judgment, to appear and interpose an answer setting up the precise interest in the property claimed. The holder of an encumbrance does have an interest in the property which may be affected by the judgment. The act itself by the provision that such persons are necessary and proper parties recognized the fact that they possess certain rights for the protection of which they are entitled to appear.

[5] The interests of the owner of the land being, as we have seen, hostile to the claims of the holder of the encumbrance, the latter is not bound to rely upon his interests being adequately protected by such owner. If, relying upon the theory that the suit is not hostile in its nature and that everyone who claims under the applicant will be taken care of by the terms of the decree, he fails to take any part in the proceeding and by mistake or inadvertence, the title to the land, the lien of the trust deed, or the amount thereof, be not correctly adjudicated and noted on the certificate, he is bound by the decree and cannot complain. At the end of the one year limitation, if he has failed to note the error, he is without a remedy. (Sec. 45, Land Title Law, Stats. 1915, p. 1940.) It is never the safe thing for a necessary party to an adverse proceeding to fail to appear when summoned into court. But, however that may be, the plaintiffs in this action were not required, as necessary respondents in the registration proceedings, to leave the protection of their interests in that proceeding to the applicants for registration whose interests were adverse. The plaintiffs here, as the respondents in the registration proceeding, not only had the right under the provisions of the trust deed, which required them to appear and defend in any action or proceeding affecting or purporting to affect the property or the trust, but it was their duty to appear if for no other purpose than to protect, as against possible mistake and

inadvertence, the title of the land embraced by the trust deed and to see that such title and the terms of the trust deed were fully established, legally decreed and correctly registered.

[6] Having a right to appear it cannot be said that the trustee in so coming in was a mere volunteer and that the money so expended was an expenditure unnecessarily or improperly incurred. The trustee was merely carrying out the duty of its trust to protect the interests of the beneficiaries (*Mittau* v. *Roddan*, 149 Cal. 1 [6 L. R. A. (N. S.) 275, 84 Pac. 145]) and for such expenses, incurred in the performance of its duty, the trustee may look for reimbursement to the trust property. Civ. Code, sec. 2273; 28 Am. & Eng. Ency. of Law, 1089, 1091.)

The case generally was correctly treated and decided by the district court of appeal in the first instance, and being satisfied with the conclusion reached by said court we hereby adopt and approve the opinion of Mr. Justice Nourse as follows:

"The position of respondents is that appellants did not appear in the land registration action or, as to the Mortgage Guarantee Company, if it did appear, it had no right to do so.

"The first proposition is based upon their construction of section 12 of the land title act, from which they argue that a defendant in a suit commenced under that act is not permitted to demur but can appear only by the filing of an answer, a motion to amend the petition or an objection. It is then argued that inasmuch as appellants demurred in the land registration action they did not 'appear' and hence are not entitled to any reimbursement for expenses so incurred. The record does not support the position of the respondents. In the first place the decree in the land title case recites that these appellants did appear therein. In the second place it is stipulated in this case that after their demurrers and objections had been overruled counsel stipulated on behalf of the objectors that a judgment might be entered under certain conditions. This in itself was sufficient to constitute an appearance.

"Respondents' second proposition in so far as it relates to the Mortgage Guarantee Company is a novel one. It is in effect, that a party whom the law declares to be a necessary

and proper party to an action may be sued as such and served with process but has no right to appear and defend.

"As to the trustee, the deed of trust expressly provided that the grantors should appear and defend in any action affecting or purporting to affect the property, or the title thereto and that in the event of their failure to do so the trustee and the beneficiary, or either of them, could appear and defend and charge the fees and expenses thereof to the grantors. When the litigation was begun by the grantors it was not only the privilege but the duty of the trustee at least to take such proceedings as might be necessary to protect the lien of the trust deed. Though under ordinary circumstances it is not at all probable that the lien would be jeopardized in a proceeding of this nature, nevertheless, the very fact that the trustee was a necessary party to the litigation and was served with process is sufficient to justify the appearance. Both appellants were proper parties to the application to register the title, as they were interested in having the lien of the trust deed correctly noted on the certificate. This was recognized by counsel for the plaintiffs in the land registration action when they entered into a stipulation with counsel for those defendants covering that particular matter."

Judgment reversed.

Wilbur, J., Lawlor, J., Waste, J., and Sloane, J., concurred.

SHAW, C. J., dissenting.—I dissent:

When the defendants made their application for registration under the Torrens land law, the plaintiffs had no defense thereto, nor did either of them have any defense to the action. They should not have appeared. Defendants were not seeking any relief against them, or either of them, but were seeking only the relief they eventually got by the stipulation—that is, that plaintiff should be declared to have a prior lien on the defendants' title. I fail to see any equity which the plaintiffs had to protect by their appearance and they should not be allowed to charge for it. In fact, the court in that action did not allow them to charge for their appearance but adjudged the cost they made to them.