This is an appeal from an order of the superior court setting aside and vacating a default judgment obtained after publication of summons.
The proceedings herein were instituted by petitioners, Walter Leo Whitesell and Carol Georgia Whitesell, under the provisions of the Land Title Law adopted by the initiative method at the general election of November 3, 1914. The petition was filed on December 20, 1928. In it petitioners alleged that they were owners in fee simple, as joint tenants of certain described land, and that William C. LaBerge, whose address was unknown to them, claimed some right, title or interest in the premises adversely to petitioners which said claim was alleged to be without right. The prayer of the petition was for a decree quieting the title of petitioners to the property. Thereupon, the court ordered that notice of the filing of the petition be given as provided in the act and that it be published for the required time. In compliance with the court's order, notice of the filing of the petition was published and a copy of the notice was mailed to said William C. LaBerge, in an envelope addressed to him, in care of the county clerk of Los Angeles County, for the reason that his address could not, with reasonable diligence, be ascertained. Due proof of the publication and mailing of said notice was made and the court thereafter, *Page 592 
on April 25, 1929, rendered its decree adjudging that said William C. LaBerge had no right, title or interest to the land described in the petition and quieting the title of petitioners to the said land. At some time prior to April 11, 1930, Ora E. LaBerge gave notice that on said April 11, 1930, she would move the court to vacate and set aside the said decree. The motion was made on the ground that summons in the proceeding was not personally served on defendant William C. LaBerge and was supported by an affidavit of Ora E. LaBerge. This affidavit set forth that affiant and her former husband, William C. LaBerge, purchased the property and acquired title thereto by deed dated July 18, 1922; that on June 1, 1925, affiant conveyed her interest in the property to William C. LaBerge; that on May 11, 1928, William C. LaBerge conveyed to affiant all his right, title and interest in said property; that neither affiant nor William C. LaBerge were personally served with summons in the proceeding and that neither had notice of the filing of the petition until January 20, 1930. Accompanying the affidavit a proposed answer was filed by said Ora E. LaBerge alleging the conveyance made to her by William C. LaBerge on May 11, 1928, and setting up her right to contest the petition. In opposition to the motion thus made petitioners filed affidavits in which it is set out that, at the time the petition was filed and when the decree was entered, the deed of May 11, 1928, had not been recorded and was not recorded until December 17, 1929; that after the decree quieting their title to the property had been rendered, petitioners sold said property for a valuable consideration and a new certificate was issued to the purchasers; that petitioners had no knowledge or information of the asserted claim of Ora LaBerge until after they had disposed of the property; that the sale made by them was a bona fide sale for valuable consideration paid by the purchasers at the time of said sale. On April 22, 1930, the court made its order setting aside the decree rendered on April 25, 1929, and granting leave to Ora E. LaBerge to answer to the merits of the action.
[1] In support of their appeal from the order vacating the decree and granting permission to respondent to file her answer, appellants first contend that the court was without jurisdiction to make such an order. As upholding the contention *Page 593 
thus advanced, appellants have cited and rely upon the decisions in Cooper v. Buxton, 186 Cal. 330 [199 P. 6], and Sharp
v. Eagle Lake Lumber Co., 60 Cal.App. 386 [212 P. 933]. In the first of these decisions it was held that an action to set aside a decree of registration of title under the Land Title Law, on the ground of mistake, must be brought within one year after such registration. In the second case it was held that a direct attack upon a void judgment may be made by anyone interested by a motion to set it aside in the court which rendered it. It was specifically noted that the motion to set aside the judgment was not made pursuant to the provisions of section 473 of the Code of Civil Procedure. It is immediately apparent that neither of the above-cited cases is applicable to the situation here presented for the reason that respondent did not seek to set aside the judgment by an independent action based upon mistake, but that she made a motion in the very court which rendered the judgment to be relieved from it and to be permitted to answer to the merits of the cause pursuant to the provisions of section 473 of the Code of Civil Procedure. Nor was her motion based upon the ground that the decree from which she sought to be relieved was taken against her through her mistake, inadvertence, surprise or excusable neglect. It was made upon the sole ground that summons in the action had not been personally served upon the defendant William C. LaBerge, her predecessor in interest. That portion of the statute (sec. 473, Code Civ. Proc.) under which respondent's application for relief was presented is in the following language: "When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action." It is conceded that notice of the filing of the petition was not personally served on the defendant William C. LaBerge nor on respondent and that the court's order permitting respondent to answer to the merits of the proceeding was made within one year after the rendition of the decree which adjudged that William C. LaBerge had no interest in the property involved and quieted the title of appellants to such property. If, therefore, section *Page 594 
473 of the Code of Civil Procedure is available to a defendant in a proceeding of the character here instituted the contention of appellants that the court lacked jurisdiction to grant the relief sought is fully answered. In Beggs v. Riordan, 44 Cal.App. 230
[186 P. 187, 188], a defendant in a proceeding brought under the provisions of the Land Title Law moved the court to set aside the judgment rendered against her and to permit her to defend. The motion was denied and defendant appealed. The court's order refusing the relief sought was reversed, the appellate court holding that the affidavits of merits presented by the defendant were sufficient and that the court erred in denying the motion. The following language from the decision is pertinent to the problem here under consideration: "Under the circumstances shown by the record there is no doubt that appellant's motion, which was made within one year after the rendition of the judgment, should have been granted, if the affidavits of merits upon which the motion was made were sufficient. (Code Civ. Proc., sec. 473)" In Shupe v. Evans, 86 Cal.App. 700
[261 P. 492, 493], an appeal was taken from an order of the superior court, vacating a default judgment in an unlawful detainer action. It was contended by appellant that section 473 has no application to cases in unlawful detainer. This contention was not upheld. The court pointed out that the statute has a very wide application citing that it had been held applicable to various special proceedings, among others, "Torrens title proceedings (Beggs v. Riordan, 44 Cal.App. 230
[186 P. 187])." The above-cited decisions are in conformity with the well-settled rule that the statute under consideration is a remedial provision and should be so applied as to dispose of cases upon their substantial merits. (14 Cal. Jur., p. 1012;Nicoll v. Weldon, 130 Cal. 666 [63 P. 63]; Mitchell v.California etc. S.S. Co., 156 Cal. 576 [105 P. 590];Waybright v. Anderson, 200 Cal. 374, 377 [253 P. 148];Weck v. Sucher, 96 Cal.App. 422, 425 [274 P. 579].)
In conformity with the policy thus established of viewing the statute as a remedial provision to be liberally construed and in accordance with the decision in Beggs v. Riordan, supra, we entertain no difficulty in holding that the court had jurisdiction to make the order vacating the judgment. *Page 595 [2] In connection with the contention that the court lacked jurisdiction to make the order some question is raised as to the sufficiency of respondent's affidavit of merits. Since that clause of section 473 of the Code of Civil Procedure, under which the motion to vacate the judgment herein was made, provides for the granting of relief for the purpose of permitting a defendant to answer "to the merits of the original action" the condition is implied that it must be made to appear that the defendant has a good defense on the merits. (14 Cal. Jur., p. 1031; Gray v.Lawlor, 151 Cal. 352 [12 Ann. Cas. 990, 90 P. 691]; Boland
v. All Persons, etc., 160 Cal. 486, 490 [117 P. 547, 548];Osmont v. All Persons, etc., 165 Cal. 587, 590 [133 P. 480].) An examination of the affidavit of respondent filed in support of the motion discloses that the objections raised by appellants are entirely unfounded and that the instrument contains a full and satisfactory statement of the existence of a defense on the merits.
[3] The second contention advanced by appellants is that the court erred in holding that respondent is entitled to the relief sought under the above-quoted clause of section 473 of the Code of Civil Procedure. In this connection, it is pointed out that she is not a defendant in the proceeding and it is confidently asserted that she is not the legal representative of a defendant. It must be conceded that she was not made a defendant in the proceeding since the only defendant named in the petition is William C. LaBerge. It must also be conceded that it is at least doubtful whether she may properly be considered to be the legal representative of William C. LaBerge, since her affidavit filed in support of her motion for relief shows that she claims title in herself by virtue of a deed executed in her favor more than seven months prior to the filing of the petition for registration by appellants. Her claim therefore has no reference to the proceeding herein instituted by appellants nor to the fact that her grantor is the defendant in such proceeding. However, in order that we may arrive at a proper determination of whether the court erred in granting her application for relief, some consideration of the result sought to be achieved by the proceeding here instituted is required. The court found that all persons interested in the action have either filed their assent to the registration or have been duly and *Page 596 
properly served with notice of the filing of the petition and that the time for appearance has expired and all such persons "known and unknown" are properly before the court; that appellants are owners of an estate in fee simple in the property; that two named defendants, Belmont Pier Tract Co., a corporation, and William C. LaBerge have no claim, right, title or interest in the land and are forever debarred from asserting any claim thereto; that applicants (appellants) are the owners of the premises; that no other person, firm or corporation has any right, title or interest in said land or any part thereof. The decree rendered by the court adjudges that the title of appellants be confirmed and registered and that it shall forever quiet the title to the land "and be final and conclusive against the rights of all persons, known and unknown, to assert any claims, interest, estate, lien, or demand of any kind or nature whatsoever, against said land, or any part thereof". It is apparent that the effect of the decree thus rendered is to foreclose finally the claim of any person, other than appellants, to the land whose title is adjudged to be in appellants. It is in conformity with the very purpose of the statute under whose provisions the proceeding was instituted, which is not only to create and perpetuate a marketable title to land sought to be registered but also to determine conclusively every and all adverse claims against the registered land. (Title Guarantee Trust Co. v. Griset, 189 Cal. 382, 388 [208 P. 673].) The act (Stats. 1915, pp. 1932, 1936, sec. 16) provides that "a decree of the court ordering registration shall be in the nature of a decree in rem, shall forever quiet the title to the land therein ordered registered and shall be final and conclusive as against the rights of all persons known and unknown, to assert any estate, interest, claim, lien or demand of any kind or nature whatsoever against the land so ordered registered". Respondent herein is a person unknown to appellants, unnamed by them in their petition for registration, who asserts a claim in the land and whose claim is effectually and for all time destroyed by the comprehensive decree rendered by the court. It is not open to doubt that, had she been advised of the pendency of the proceeding, she might have entered an appearance and asserted her claim to the land. In this event, she would have appeared as a defendant in the proceeding presenting her *Page 597 
claim in opposition to that of appellants. Her application for relief from the decree which so conclusively disposes of whatever interest she has in the land amounts to an application of an unnamed and unknown defendant. Had her claim in the property been known and had she been named as a defendant in the proceeding and served by publication she would have been entitled to apply for relief under section 473 of the Code of Civil Procedure. (Beggs
v. Riordan, supra.) Although she was not named as a defendant it is obvious that her interest in the land is as certainly extinguished by the decree as though she had been named in the petition. It is therefore impossible to escape the conclusion that she was entitled to make her application for relief not as the legal representative of her husband but in her own right as an adversary of appellants, asserting a claim in opposition to the granting of the petition.
The final contention presented by appellants is that the court erred in vacating the judgment and in permitting respondent to answer to the merits for the reason that such action affected the rights of purchasers of the property who acquired title subsequent to the rendition of the decree, in good faith, for valuable consideration, and without notice of any claim of respondent in such property. The record herein shows that the fact of the transfer of the property by appellants subsequent to the rendition of the decree to bona fide purchasers for a valuable consideration was alleged in the affidavit of appellant Walter Leo Whitesell filed in opposition to respondent's motion to set aside the default judgment. An affidavit of appellants' counsel also filed in opposition to respondent's motion alleges that the deed from defendant William C. LaBerge to respondent dated May 11, 1928, was recorded December 17, 1929, one year lacking three days subsequent to the filing of the petition for registration of the property by appellants and seven months and seventeen days after the entry of the decree of registration sought to be vacated by respondent. This fact is not contradicted. The question presented for determination is whether under these facts the trial court had any discretion in passing upon the motion and if so whether it was abused. In the early case of Roland v. Kreyenhagen, 18 Cal. 455, the facts are strikingly similar to those which are here presented. In a suit to recover possession of certain land the defendant *Page 598 
Kreyenhagen, who claimed to be owner, was not served with process. The occupants of the land were served and defaulted, whereupon the action was dismissed as to Kreyenhagen and judgment was entered against the occupants. Kreyenhagen moved to vacate the judgment and for leave to defend. Counter-affidavits filed by the plaintiff alleged that subsequent to the entry of judgment plaintiff had sold his interest in the property to a bona fide
purchaser without notice. The trial court granted the motion of defendant Kreyenhagen and vacated the judgment. On appeal the order was affirmed. The Supreme Court in its decision adverted to the desirability of having cases tried upon their merits and held that the court had not abused its discretion in vacating the judgment. With respect to the rights of third parties acquired subsequent to entry of judgment the court said: "If third persons have acquired any rights since the judgment, or the respondent waived any, that matter can be set up on the trial. We cannot try these questions on affidavit." In Holiness Church v.Metropolitan Assn., 12 Cal.App. 445 [107 P. 633], it was held that a defendant upon whom service of process was constructive and not personal is entitled as a matter of absolute right to have a judgment entered against him by default vacated and that the court has no discretion in the premises. InAmerican Land Co. v. Zeiss, 219 U.S. 47 [55 L.Ed. 82, 31 Sup. Ct. Rep. 200, 208], the Supreme Court of the United States, in commenting upon that clause of section 473 of the Code of Civil Procedure which is involved herein, says: "The right conferred by Sec. 473 of the code, it is to be observed, is an absolute right, although the section declares that the court may impose `such terms as may be just'." In Hoffman v. Superior Court,151 Cal. 386, 393 [90 P. 939, 942], the Supreme Court of California, in discussing the effect of constructive service of process, says: "In this connection it is proper to say that in determining whether or not due process of law is afforded, other statutes applicable to the proceeding may be considered. The provisions of section 473 of the Code of Civil Procedure apply in such cases. Any person interested in the property and having no actual notice of the decree, may come in at any time within a year after its rendition, and by showing that he has not been personally served with process, and stating facts constituting *Page 599 
a good defense to the proceeding, — that is, facts sufficient to show that he has a valid adverse interest in the property, — he may have the decree vacated as to him and be allowed to answer to the merits. (Gray v. Lawlor, 151 Cal. 352 [12 Ann. Cas. 990,90 P. 691].)"
In Gray v. Lawlor, supra, the Supreme Court points out the distinction between that clause of section 473 of the Code of Civil Procedure, which authorizes a court to relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect and the clause which authorizes a court to allow a defendant who has not been personally served with summons in an action, to answer to the merits of the action at any time within one year after the rendition of judgment. When there has been no personal service of summons upon a defendant it is declared that the defendant need not present any excuse for his failure to appear except the fact that he was not personally served with the summons. The above-cited decisions seem to indicate that in cases where summons has not been personally served upon a defendant the court has no discretion and is required, upon production by such defendant, within one year after rendition of judgment, of an affidavit showing the fact of no personal service of summons in the action, to set aside the judgment and permit the defendant to answer to the merits. The doctrine that a defaulting defendant who has not been personally served with process in an action is entitled as a matter of right to be permitted to plead to the merits of the suit within a period of one year after the rendition of judgment against him and that the court has no discretion but is required to grant the relief upon a showing that such defendant has not been personally served with process has received one material modification. In Boland v. AllPersons, etc., supra, the court in discussing that clause of section 473 of the Code of Civil Procedure, which permits the granting of relief to a defendant not personally served with process, says:
"In applications for relief under this clause of the section there is no presumption of neglect, as in cases where there has been personal service. The party is not required, in the first instance, to do more than show that he has not been personally served and that he has a good defense to the action on the merits which he could have presented had he *Page 600 
been informed of its pendency. (Gray v. Lawlor, 151 Cal. 354
[12 Ann. Cas. 990, 90 P. 691].) But his opponent may show, in opposition to the application, that the applicant had actual notice of the action in time to have entered an appearance and present the defense, and that the failure to do so was owing to his neglect or to his consent to the judgment. In that event a case arises for the exercise of the discretion of the court and it must determine whether or not the laches is of a character that should preclude the relief. (Bogart v. Kiene, 85 Minn. 262
[88 N.W. 748]; Mueller v. McCulloch, 59 Minn. 409
[61 N.W. 544]; Keenan v. Daniells, 18 S.D. 102 [99 N.W. 853];Blyth v. Swenson, 15 Utah, 352 [49 P. 1027]; Jordan v.Hutchinson, 39 Wn. 373 [81 P. 867].)"
In Palmer v. Lantz et al., 215 Cal. 320 [9 P.2d 821], it is said: "Service by publication and mailing a copy of the complaint and summons is not personal service (Lilly-BrackettCo. v. Sonneman, 157 Cal. 192 [21 Ann. Cas. 1279,106 P. 715), however, and by reason of this fact appellant contends that under section 473 of the Code of Civil Procedure he is entitled to be relieved from the default as a matter of right without further showing than that he was not personally served. (Daniel
v. Colkins, 201 Cal. 10 [255 P. 182], and cases there cited.) That this is sufficient to make a prima facie case for relief must be conceded. The law presumes from the fact of constructive service only that the failure to answer is due to lack of notice of the service. (Gray v. Lawlor, supra.) But the provision is not designed to afford relief from a judgment which may be validly entered upon constructive service to those who with full knowledge of such service upon them, by reason of receipt of a copy of the summons and complaint through the mail, remain inactive. (Gray v. Lawlor, supra; Boland v. All Persons,etc., 160 Cal. 486 [117 P. 547].)" It therefore appears that there may be circumstances when the court in passing upon an application for relief under the clause of section 473 of the Code of Civil Procedure, under consideration, will be called upon to exercise its discretion. [4] In the instant case, however, no showing was made by appellants that respondent had actual knowledge of the pendency of the action in time to make an appearance and present her defense prior to the rendition of judgment. What was *Page 601 
shown is that she failed to record the deed on which she relies for a period of nineteen months after it was executed and that, during this period, the proceeding to have the land registered under the Torrens Act was instituted by appellants, a decree quieting their title in the property against all persons was rendered, and the land was sold by them to bona fide purchasers who, at the time the sale was made, paid valuable consideration therefor. The question which then presents itself is whether these circumstances call for the exercise of discretion by the trial court in passing upon respondent's application for relief. We think that they did not. Respondent's neglect to record her deed has no bearing upon her application for relief under the statute. It is a false quantity in the equation. The reasons for the adoption of the modification declared in Boland v. AllPersons, etc., supra, and Palmer v. Lantz, supra, is that a showing of actual notice overcomes the inference of lack of notice arising from the fact of constructive service and the court is then called upon to decide whether, under the circumstances, the failure of a defaulting defendant to make timely appearance should preclude the relief. The exercise by the court of its discretion involves a determination of whether the defendant's neglect makes it inequitable to grant the relief. The cornerstone of the whole doctrine is the possession of actual notice by the defaulting defendant. This fundamental feature is lacking in the instant case. It is not contended that respondent had actual notice of the proceeding. Her failure to place her deed on record may, upon the trial of the action, be held to constitute laches foreclosing her interest in the property in favor of bona fide purchasers for value without notice but it should not preclude her from being allowed to present her claim to the land. The quotation from Sharp v. Eagle Lake LumberCo., supra, to the effect that where innocent third parties have acquired interests through or by virtue of a judgment, the more orderly course is to proceed by an independent suit in equity to set aside the judgment is, in the first place, pure dictum and in the second place, it does not pretend to declare that, under the circumstances therein stated, an independent suit in equity is the exclusive remedy.
In conclusion, it may be remarked that in the order from which this appeal is taken, the court granted the relief upon *Page 602 
the express condition that respondent bring in as parties defendant the present record owners of the property. The imposition of this condition would appear to insure a final adjudication of the merits of the action.
For the reasons herein stated the order from which this appeal is taken is affirmed.
Barnard, P.J., and Marks, J., concurred.
A petition for a rehearing of this cause was denied by the District Court of Appeal on November 1, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 1, 1932.